HENRY A. WILSON, RESPONDENT, v. CHARLES H. FIELD AND THOMAS BROWNE, APPELLANTS, IMPLEADED, ETC.

*Undertaking given upon procuring an order of arrest — no demand need be made before sueing the sureties — they are not relieved by the bankruptcy of their principal — no order of the bankruptcy court is needed to authorize an action against the sureties.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of the action before a judge without a jury.

One Alexander Burns commenced an action in the Marine Court of the city of New York, against the plaintiff, and obtained an order of arrest in such action. The present appellants executed the usual undertaking upon the granting of such order. Such proceedings were had in the action that the respondent Wilson recovered a judgment against the plaintiff, Alexander Burns, in the sum of eighty-five dollars and sixty-three cents for costs and disbursements. In the meantime Alexander Burns had been declared a bankrupt, and an order was obtained by him from the court in bankruptcy restraining the enforcement of the judgment against him for costs. The respondent obtained a modification of the order of that court, allowing him to prosecute the sureties, and this action was brought upon the covenant given by them. At the trial the plaintiff recovered judgment for $100 and interest on the same. Proof was given that the plaintiff in this action sustained damages to the amount of $150 for counsel fees and expenses in the action over and above the costs recovered by him against Burns.

The court at General Term said: " Several questions were raised upon the trial below and are brought up on this appeal, the first

of which is whether the action could be maintained against the sureties on the undertaking without demand.

There is nothing in the nature of the contract which requires a demand. Their undertaking was an original contract as between themselves and the defendant in the action, under which they became personally liable, that the plaintiff in the action in which the order of arrest was issued should pay the amount of costs and damages. There is no obligation to pursue Burns before charging these defendants with their liability on the undertaking.

*Secondly.* It is urged that the proceedings in bankruptcy against Burns operated to relieve the sureties. This is not true, for the reason already assigned that the defendants entered into an independent contract which is not affected by the insolvency or bankruptcy of the plaintiff in the action.

*Thirdly.* It is claimed that the amount recovered must be limited to the amount of the costs in the action, because the modification of the court in bankruptcy, it is claimed, only gave leave to sue for such amount of costs. There was no necessity for any order from the court in bankruptcy to enable the respondent to bring his action on that undertaking, and that court had no power to limit the amount of the recovery on the undertaking. The costs recovered by the plaintiff against Burns, and such proportion of the damages which he sustained by reason of the arrest as would not exceed the sum named in the undertaking, were properly recoverable."

The judgment should be affirmed.

*R. Paine,* for the appellants.

*S. Brown,* for the respondent.

Opinion *Per Curiam.*

Present — Davis, P. J., Brady and Ingalls, JJ.

Judgment affirmed.